BEA, Circuit Judge,
dissenting:
I agree with the majority’s analysis of the merits. I disagree with the majority’s assessment of Baltazar-Neri’s waiver of appellate rights. The majority concludes that Balatazar-Neri did not unambiguously waive his right to appeal. However, the majority’s interpretation renders the clear language of the waiver provision meaningless in violation of our canons of contact construction.
Baltazar-Neri’s sentence fell into the range provided for in the plea agreement. Thus, the sentence accorded with the terms of the plea agreement. The district court’s incorrect decision with respect to whether Baltazar-Neri was convicted of a crime of violence does not mean that the sentence fails to accord with the plea agreement. If Baltazar-Neri can appeal based on the district court’s analytical error, his waiver of “any right to appeal the imposition of sentence upon [him]” and his agreement that “this waiver shall result in the dismissal of any appeal ... the defendant might file challenging [his] conviction or sentence in this case” is rendered null: Baltazar-Neri could appeal based on any trial court error, meaning no appeals are waived. The plea agreement’s waiver provision should not be interpreted as meaningless. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); see also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012) (no provision should be given an interpretation which causes it to have no consequence). Therefore, I disagree with the majority: Baltazar-Neri waived his right to appeal.